et al., 231341. Mrs. Conte. Good morning, Your Honor. Can I pronounce your name correctly? Yes, you are. My name is Anthony Conte. I'm the appellant pro se. If the court would allow me, I'd like to make a brief statement before I start. Seventy-four years ago, I was born to Anthony and Paulina Conte. Unfortunately, at the time, I had a 25-year-old brother who fancied himself to be a mafia criminal. My father died when I was seven years old. My brother, Pasquale Conte, who's well-known in the Eastern District and the Southern District of New York, pled guilty to murder, drug dealing, money laundering, has been the nemesis of my life. I've tried to stay away from him. When I found out that he was involved in drug dealing in our family business that was left to us by our father, I asked to be bought out of that business, and I was. I did not sell my property interests in that business. For 30 years, I pursued him, his attorneys, his family who worked with him to find out what happened to my property interests and literally was stiff-armed by these people, including Faber-Cassavitz, their attorneys. I brought this case when I found out that the property had been sold outside of the family. And since then, I was denied discovery. I was stonewalled at every instance to find out what happened here. Your Honor, I am not a criminal. I get the feeling from Judge Wicks and Judge Gougiaris, who is the district judge in this case, that people in the Eastern District think that because my brother was a criminal, that I'm a criminal. I am not. I am a trained attorney. I have clerked for several law firms. I've defended myself in state and local courts and gone to trial in federal court. My wife's a clinical pharmacist. We raised two children. One's a neurosurgeon. Another one's an entertainment attorney. I have absolutely no affiliation with organized crime. I am simply here to vindicate my rights. So, as I understand it, Mr. Conte, and I appreciate what you're saying, but the central question before us is the statute of limitations. That's correct, Your Honor. Now, the only way I could describe this case is bizarre. Because, like I said, denied any discovery. The defendants made an application for a stay of discovery, and it was granted by Judge Wicks, and they made the application using discovery. And what baffled me was they included in an amended footnote a document, this one here in particular, that stated that I had sold my property years ago for, I think, $25,000, which was ridiculous. Okay? But the point was that when I looked at this document and described it as being a redemption agreement, okay, it became crystal clear that the purchasing party here was a third-party corporation, not the original corporation that issued the stock, which violates New York State business law. This document is null and void. And, Your Honor, there is no statute of limitations that pertains to null and void agreements, contracts, documents. So that is my argument against their wild search for any reason to get this case thrown out of court. The basic question here with statute of limitations is when was there an act that actually triggered it? That occurred, Your Honor, that occurred in March of 2022. And that's when the property went out of the family hands. This property was held by a close family corporation. And the property was sold in 2022 to a developer for approximately $42.5 million. I asked them repeatedly both before and after, including in court, you know, for documentation of what transpired with this corporation and stock, and I was refused. I cannot understand for the life of me the prejudice and the bias that I encountered. Judge Gugliares failed to even respond to any of my letters for four months. I don't know how I was supposed to carry on in that court where the senior judge didn't want to supervise what the magistrate judge was doing or my questions or my comments or my complaints. You filed an objection to the magistrate's report, didn't you? Excuse me? Magistrate's report and recommendation to Judge Gugliares. You filed an objection to that. I did, Your Honor. But this happened in reverse. This only happened when I complained that the magistrate judge didn't have the power to even entertain this. And then she says, oh, no, I grant it to him now after I complained that he was never granted the power in the first place to make a decision on this. May I ask a question? Yes, Your Honor. Just to go back to the precise statute of limitations question before us. So as I understand it, you were told at some point well before March 2022 that you didn't you no longer had interest in these family run companies. And so Judge Gugliares, the court below, determined that that was when the time started to run. And that was many, many, many years ago. Why is that wrong? I don't know who is being referred to here. I was never told that I didn't have. And I don't know where that came out here. I was always told that I did have, not that I didn't have. I thought you were excluded because they took the position that you didn't have an interest. Your Honor, if I thought or knew that I didn't have an interest, I would not be here. And I never stated that. But you objected at that time. I did object. I mean, part of your claim was that they didn't give you, you asked for information about the companies. Is that right? And I was never given any. I was stonewalled. Well, you used the word stonewalled, stiffed, stiff-armed. But at what point did that happen according to you? At what point? Were you stiff-armed or stonewalled? Constantly for three decades. For three decades? Yes. And even after the property was sold, even when I went to court and I simply proposed the question, what happened to this corporation and corporate stock? It was a simple matter. So I think that the idea, and this is what I want you to address briefly, understanding you've got some time for rebuttal, but the idea is that when you're asking about your property interests and you are being stiff-armed or stonewalled, that triggers the statute of limitations. Then you're aware that something is wrong. What is wrong with that idea? What's the error in connection with pegging the start of the statute of limitations to that period? Your Honor, it's very simple. We seem to be missing that they actually provided the document that they claimed proved that I sold an interest in this property, a document I had never seen before. And they provided that document attached to the stay application, stay of discovery. And having read it, having had it looked at by another attorney, it was a redemption agreement. The redemption agreement stated that my stock was going to be purchased by a third party corporation instead of the original corporation that issued the stock, the closely held family stock. And that violates New York State business law. Your Honor, not once has anyone objected to my characterization of this agreement being null and void. Not once. The real question here is what did you know, what was new to you within the statute of limitations, apart from everything else that had been done to you in the past? And hadn't that been, why weren't all those particular situations that you complain of triggering events for this case? Your Honor. But no case was filed. Your Honor, I state that once this document that they claim unequivocally states that I had sold my property was put forth, and I had asked for a declaratory judgment as to whether or not this document was null and void, and I was denied, okay? Once this document was put forward, any other argument that a statute of limitations applied was moot. Because the document that was conclusive proof was in our hands, and it was crystal clear that it was null and void. And there is no, I'll state it again. There is no statute of limitations that applies to null and void documents. So you've reserved some time for rebuttal. Three minutes, I believe, yes. Thank you. We'll hear from your friends on the other side. Thank you, Your Honor. And Mr. Robati? Robati, thank you, Your Honor. On behalf of Taft Supermarket, is that correct? Correct. May it please the Court, my name is Michael Robati, and I represent the appellees, Taft Supermarket, Seven Seas Partners, Anthony C. Conte, Pasquale Conte, Jr., and Paul Conte. Our co-counsel also represents the appellees, the estate of Pasquale Conte, Sr., and the law firm Federer Kasovitz, and they joined in our arguments here today. So during the appellant's argument, we spent a fair amount of time on the statute of limitations arguments. And I do want to get to the statute of limitations points as well. But I would like to point out that there are three independent reasons that this court should be affirming the district court's order dismissing the first amended complaint, or three primary reasons. There's additional reasons beyond that. But the three primary reasons are abandonment, judicial estoppel, and the statute of limitations. And this court can affirm on any of those grounds or all of them without needing to reach the other arguments. So let me begin briefly with abandonment, which we discussed in our brief here. So although it is true that this court does give some leeway to pro se appellants, they are still held to the obligation that before this court, they must challenge the district court's rulings below and raise those arguments to this court if they want to preserve them. An appellant's failure to challenge the district court's rulings, the magistrate judge rulings here which were adopted by the district court, is on its own enough for this court to affirm the district court's decision. And Mr. Conte, in his brief before this court, failed to challenge the statute of limitations rulings, failed to challenge the judicial estoppel rulings, and also failed to address the specific deficiencies in his claims that were identified by the district court below. So for that reason alone, without reaching the statute of limitations arguments and the judicial estoppel point, this court should affirm. But I do want to turn to the judicial estoppel argument before I dive into the statute of limitations because I think that is a very clear basis for this court to affirm here. So judicial estoppel applies when a party proceeds in bankruptcy court and doesn't identify certain interests that he later files a claim about. What was the date of the filing? Of the bankruptcy petition, Your Honor? Yeah. He filed two bankruptcy petitions, one in 2003 and one in 2004. Three and four? Three and four. And so both before those bankruptcy petitions and after those petitions, Mr. Conte has asserted that he had an interest in the disputed entities at issue in this case. So his obligation before the bankruptcy court was either to list those interests or to list those causes of actions for those interests. And he did neither of those. After those petitions were filed, the bankruptcy court did confirm his Chapter 13 plan. So under these circumstances here, all of the factors that this court has articulated for judicial estoppel are met. There was an inconsistency between his positions in the bankruptcy proceeding and the position before this court. The bankruptcy court adopted that position when it confirmed the Chapter 13 plan. And he has received an unfair advantage from his inconsistent position in the bankruptcy proceeding insofar as he hid these interests from his creditors. So this court should apply judicial estoppel just like the district court did below. Now, on the statute of limitations argument, you know, there are 12 claims that are at issue here. Nine of those claims fall into the category of the statute of limitations running from the alleged misconduct. And here the alleged misconduct is that the appellees stole the interests in these companies, the disputed entities, from Mr. Conte. And so it is very clear that that alleged theft happened in the mid-1980s. So for those nine claims, the statute of limitations has long run. There's then three claims that have the so-called discovery rule, which applies the RICO claim, the fraud claim, and the aiding and abetting. With respect to the discovery rule, as we set forth in our brief, Mr. Conte repeatedly claims that he was aware that these interests were stolen back in the 1980s. And as he said today, he then undertook a 30-year crusade to try and get those interests back. When you said the 1980s, that could apply to two things. When they were sold or when he knew. Or when he made the statement. So he contends that he never sold his interests. Our view is that those interests were sold on May 11, 1984. And we did attach the documents, which the district court decided not to consider, showing that those interests were sold. He then alleges in his complaint, and I would draw this court's attention, I believe it's paragraphs 46 through 49, which are the key paragraphs in the complaint. He then alleges specifically that he went to the appellees and asks about these interests. And he said that he was told that, contrary to what he said, he alleges in his complaint that he was told that he no longer had any interest in these companies. And then after that, he continued to seek the company's books and records and continued to make inquiries about these companies. But he was rebuffed and stiffened. Was that about 1988 then? I believe the allegations are in the complaint, which is that shortly after the May 1984 sale, because he concedes he did sell some interests. Shortly after the May 1984 sale, he started to make these inquiries with respect to the other companies. So look, he didn't have to have complete information about his claims in the mid-1980s for the statute of limitations to start running. But he had enough information at that point. The same claims that he brings today, he could have brought back in 1985 or 1986, and he didn't. For the time I have left, I'd like to just briefly discuss the district court's decision to deny further amendments here to the complaint. And the reason the district court did that was, I think, two reasons. One, that further amendment would be futile. And the second, that it would be a waste of judicial resources. I think based on the statute of limitations arguments and the judicial estoppel point, both are independent reasons to deny these claims here. Further amendment would be futile. And there is no way for him to get around these points that he could cure with an additional amendment. He had already amended his complaint once, as of right. He sought leave to amend again, and the district court denied that without prejudice, explaining exactly how he could proceed in compliance with the rules to amend his complaint, but he chose not to do so. And instead, he filed frivolous letters before the district court, trying to distract from the deficiencies in his claims. So I would submit that it is appropriate to deny further amendment to the complaint here, and that this court should affirm the district court's decision dismissing the first amendment of the claim. I see that I'm out of time, if there are no further questions. Thank you, Mr. Cole. May it please the court, Michael Cole for the defendant, Apelli Biletto. With my three minutes, I call the court's attention to the appellant's recusal motion as it bears on this appeal. Appellant charges Magistrate Judge Wicks with bias and partiality, having permitted co-defendants to use, quote, discovery documents, unquote, in support of co-defendant's motion to dismiss despite stay at discovery. See appellant's brief at page eight. Putting aside the legal non sequitur regarding use of discovery documents where there is no discovery documents, the recusal motion is more fundamentally disingenuous at its core. Consider the alleged forbidden fruit. Profit source of unfair prejudice. Co-defendant's motion to dismiss exhibits A, B, and C. Exhibit A to co-defendant's motion to dismiss. Stock redemption agreement appearing at ECF 85-3. The same agreement that the appellant attaches to his own amended complaint. Compare it to ECF 19. Exhibit B to co-defendant's motion to dismiss. Regarding the appellant's own bankruptcy petition, ECF 85-4. Finally, exhibit C, New York Department of State Corporate Entity Information and Con Realty, ECF 85-3. All these documents and all these exhibits either in appellant's possession or a matter of public record. No reasonable, coherent connection to bias, conflict of interest, appearance of impropriety by the magistrate judge. I submit to you that this is recusal used as tactic, not as necessary remedy. I further submit to you that when recusal is used as tactic rather than necessary remedy, it occurs only when the underlying claims lack merit. This is recusal purposed to derail the legal process, purposed to avoid decision of the district court, i.e., the decision on appeal. And as to the decision on appeal, for its substantive conclusions of law, for the magistrate's recommendation as adopted by the district court, detailed further in the appellee's brief, I submit it should be affirmed. Thank you. Thank you very much. Mr. Conte. Your Honor, referring back to whether or not the court said I could amend my complaint, they never stated that there was no possibility of moving forward with a new amended complaint. And my complaint to the court is that the defendants were the ones who basically were providing me with documentation of rulings of the court. They never provided me with the documentation of Judge Wick's explanation of why he was not allowing me to amend a complaint and what I could do to amend a complaint in the future. They simply stated to me the amendment was denied with prejudice. So I never knew that there was any possibility of ever amending this complaint by any rules set forth by Judge Wick's. I never received any documentation from the court. I never received it from the defendants who were put in charge by the court of supplying me with that information. Again, Your Honor, we talk a lot over here about my bankruptcy filings. Last time I checked, those were discovery documents that were denied to even me, but let alone were used by the defendants here to file a state of discovery application. How was I not prejudiced here in not being allowed any documentation whatsoever, and yet the defendants using discovery documents that they were forbidden by Judge Wick's to even present, how were they granted that right and I wasn't? Clearly prejudicial. And again, Your Honor, we can talk and talk about statute of limitations as it implies in various contexts, but when you supply the document that you claim, defense supplies a document that they claim wholly answers this question of whether or not I was brought out or not and whether that document is valid or not. And I point out that the document- That is a document. I'm not sure where it is in the record, but if it is in the record, where it is in the record. It's in the appendix, and I'm sorry I don't have the exact spot in the appendix that it's at. But that is the document that goes to the merits, right? Right. Of your property interests. It goes to the-  Yes, Your Honor. Just hear me out for a second. Sure. Yes. Obviously, I'm very focused on the statute of limitations issue. And in paragraph 47 of your own complaint, you allege that in 1984, you started to make, quote, to the tax defendants as to the status of at least three corporations that you still had a stock interest in that owned real property. And you did that because you allege they maintained possession and control of the corporate books, stock certificates, and records of those corporations that you believe you continue to have an interest in. And then you say, or you allege, each time you inquired, you were ignored, rebuffed, stiff-armed, again, and even threatened by these tax defendants and told that the property was worthless and that you no longer own any interest in any corporations and to stay away. So- Well, Your Honor- I just want to ask you again- Your Honor- Hold on. Yes. Let me finish my question, and I'm happy to hear your answer. I want to ask you again, why, if those allegations are true, isn't that the right time to peg the beginning of the statute of limitations period? Your Honor, at that time, the people that said these things to me were committing murders, were drug dealing, were money laundering, were engaged in organized crime. And if I'm not mistaken, it was actually the person who claimed it was indicted for murder of one of the Gambino crime family members. How is that relevant to the fact that- It made me fearful. I was fearful of doing anything that would harm me or my family. But that- That's your explanation for waiting- Well, it's more, Your Honor. All right? And again, I still say that once you provide the document that you claim, finally, after 30 plus years, you provide the document that you say wholly answers this question. Okay? And that document is null and void. There is no statute of limitations that applies any longer. The document is null and void. Yeah, but you leave the document outside on that. What is the date on that document? On this document? It's purportedly May 11th of 1984. Okay. I never seen the document before, Your Honor. So your position is that you never sold the property? That's correct. I would never sell a multi-million dollar piece of property for $25,000. But you didn't declare it on your bankruptcy filing. Your Honor, I was represented by an attorney, bankruptcy attorney. He asked me what interests I had in anything and everything, and I told him I had interests in things I could not prove. He says, can I display ownership indicia to the court? Can I show them the keys to the house? No. He says, then it's not something that I would add to your bankruptcy filing. I went by his guidance. I didn't make this up. I didn't file it myself. And I don't see really how when you provide the documentation, you want to use some end around to deny my property rights. It's ridiculous. Once this document was presented as part of the stay application, the whole question is moot of whether or not the statute of limitations applies if the document is null and void. There is no statute of limitations for null and void documents. Thank you very much. Thank you, Your Honor. Thank you.